United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEO LEE KNORR,<br>  Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>  Defendant. | Case No. 16-cv-07074-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 16, 10 |

## I. INTRODUCTION

Plaintiff Leo Lee Knorr ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the decision made by the Acting Commissioner of Social Security, Nancy A. Berryhill ("Defendant"), denying his application for disability benefits. In a motion for summary judgment, Plaintiff seeks an order reversing the Commissioner's decision and awarding benefits, or in the alternative, remanding the action for further proceedings. Defendant moves for summary judgment affirming the decision of the Administrative Law Judge (ALJ). For the reasons set forth below, Plaintiff's motion to remand will be GRANTED and the Commissioner's motion for summary judgment will be DENIED.

## II. BACKGROUND

**A. Procedural History**

Plaintiff applied for Social Security disability benefits on September 19, 2012, alleging disability from full time employment beginning on December 31, 2008. Administrative Record (AR), Dkt. No. 8 at 75. Plaintiff alleged disability due to post-traumatic stress disorder (PTSD),

hyperlipidemia, dyspepsia, chronic obstructive pulmonary disease (COPD), hepatitis C, sciatica, nerve damage, history of exposure to Agent Orange, lower-back pain, carpal tunnel syndrome, erectile dysfunction, psoriasis and insomnia. *Id.* at 239. Plaintiff's application was initially denied on March 07, 2013. *Id.* at 81. Upon reconsideration, Plaintiff's application was denied again on August 01, 2013. *Id.* at 87. Plaintiff appeared at his first administrative hearing in May 2014. The ALJ heard the matter and issued an unfavorable decision. *Id.* at 36. Plaintiff appealed, which resulted in an order of remand issued by the Appeals Council ("AC"). *Id.* at 77-79. Plaintiff appeared before the ALJ for a second time in April 2015, which also resulted in an unfavorable decision. *Id.* at 87. Plaintiff appealed, and the AC denied review. *Id.* at 1. Plaintiff then brought this action.

### *The VA Disability Determination and Related Medical Evidence*

The VA issued a disability determination on July 8, 2009, which indicated "unemployability" was granted effective February 2008. *Id.* at 188. The determination referred to Plaintiff's treatment records dated August and November 2008. *Id.* at 188-89. Dr. Westwell, a clinical psychologist, and Kathleen Rashid, a Licensed Clinical Social Worker (LCSW), signed treatment records indicating that "there are total occupational and social impairments" due to Plaintiff's PTSD signs and symptoms and that "he would not work [reliably] [in] a job." *Id.* at 813, 817. The report also noted that the "prognosis for improvement of psychiatric condition and impairments in functional status is poor due to….chronicity and severity of [the] problem.…" *Id.* at 817. The VA's records also referenced Plaintiff's global assessment of functioning (GAF) scores ranging from 40-48, which led to the determination that Plaintiff would not be able to "obtain and retain a substantially gainful occupation." *Id.* at 190. Plaintiff was also seen by a Registered Nurse ("RN") in September 2008 "due to pain in left hip and leg that is becoming increasingly worse." *Id.* at 793.

### *The DDS Determination and Related Medical Evidence*

The DDS initially determined Plaintiff was not disabled. *Id.* at 618. The DDS considered

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

2

evidence submitted by various sources; however, the DDS did not have certain evidence that was held at the Tampa VA Medical Center, in Florida ("Tampa VA medical records"). *Id.* at 613-614. The DDS found that the medical evidence of record was not sufficient to confirm any severe medically definable impairment nor to establish disability. *Id.* at 615, 616. The DDS also found that "there is no indication that there is medical or other opinion evidence." *Id.* at 618. Upon reconsideration, the DDS again concluded that Plaintiff was not disabled. *Id.* at 626.

### *The ALJ's Decision Issued on September 9, 2014*

Prior to the May 2014 hearing, Plaintiff submitted the records the Tampa VA medical records, Exhibits 11F-14F, to the ALJ. *Id.* at 56. Plaintiff, represented by counsel, appeared and testified before ALJ Brenton L. Rogozen in May 2014. *Id.* at 36. On September 9, 2014, the ALJ issued a decision finding that claimant was not disabled "as defined in the Social Security Act, at any time from December 31, 2008, the alleged onset date (AOD), through December 31, 2008, the date last insured (DLI)." Dkt. No. 10-1 at 6.

The ALJ found Plaintiff's impairment of PTSD and depression to be "severe" as defined in the Social Security Regulations. *Id.* In regards to Plaintiff's other diagnosed conditions, the ALJ found that "there is minimal clinical evidence to corroborate or support any finding of significant impact related to them." *Id.* Although the PTSD and depression were found to be "severe," the ALJ found that "the record does not support the existence of any functional limitations and or diagnostic test results, which would suggest that the impairments meet or equal the criteria of any specific listing.…" *Id.* at 7. The ALJ stated that the Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible…." *Id.* at 11. Plaintiff's counsel requested that the ALJ obtain medical expert testimony, however, the ALJ did not obtain such testimony. AR at 310-11, 41-58.

### *The AC's Order of Remand Issued on December 01, 2014*

The AC issued an Order of Remand on December 01, 2014, ordering a new hearing before

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

3

1   ALJ Rogozen. *Id.* at 77-79. The AC specifically directed the ALJ to reference and explain the

2   rationale for "essentially rejecting" the VA determination, dated July 8, 2009, which indicated that

3   Plaintiff was entitled to "unemployability" due to his service connected PTSD evaluated at 70

4   percent. *Id.* at 189. The AC ordered the ALJ to further consider Plaintiff's maximum residual

5   functional capacity (RFC) during the dates at issue and to specifically reference evidence in the

6   record supporting the capacity limitations. *Id.* at 79. The AC ordered the ALJ to obtain testimony

7   from a vocational expert to clarify the limitations of Plaintiff's occupational capabilities. *Id.* The

8   AC also ordered the ALJ to "evaluate the nontreating source opinion….and explain the weight

9   given to such opinion evidence." *Id.*

### *The ALJ's Decision Issued on May 28, 2015*

Plaintiff appeared and testified again before the ALJ in April 2015. *Id.* The ALJ issued an unfavorable decision to Plaintiff on May 28, 2015, finding that Plaintiff was not disabled and had the RFC "to perform a full range of work at all exertional levels" limited to "simple repetitive tasks with no greater than frequent public contact." *Id.* at 24.

The ALJ stated, "diagnostic findings dated prior to the [DLI]….were unremarkable and did not show any significant condition to support the claimant's claim of 'severe' impairments or disabling symptoms." *Id.* at 20. The ALJ referenced the diagnostics and the language used within them. *Id.* For example, the ALJ found:

> An echogram of the abdomen revealed evidence of mild hepatomegaly with fatty changes….x-rays of the cervical spine demonstrated no evidence of compression….bilateral hip x-rays revealed no acute bony injury or significant arthropathy….chest x-rays showed changes in both lung fields consistent with chronic lung disease….x-rays showed no clinical evidence of osteomyelitis….mood was euthymic or neutral and exhibited only mild anxiety.

*Id.* at 20-21, 25, 646-648, 754, 824, 929. The ALJ found that "based on a lack of objective medical signs and laboratory findings of longitudinal nature, all physical conditions and reported exertional impairments will be considered non-severe for purposes of this decision." *Id.* at 22.

In regards to the VA determination, the ALJ stated, "the VA does not share identical

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

4

regulations and criteria for determinations of 'disability' as the Social Security Act directs for Social Security disability benefits." *Id.* The ALJ further stated, "while fully considering this VA determination dated July 8, 2009, the undersigned has accorded it no more than minimal weight." *Id.* The ALJ reasoned that the determination "cannot be accorded great weight" because the July 8, 2009 VA determination was issued after the December 31, 2008 AOD/DLI. *Id.* The ALJ did acknowledge, however, that the VA determination may be of assistance in describing the Plaintiff's impairments prior to the DLI. *Id.* at 25. The ALJ further noted that the VA determination "is not supported by objective medical signs and laboratory findings of a 12 continuous month basis." *Id.* at 25, 27. The ALJ also referenced the Plaintiff's GAF scores assigned by the VA, and found that they were "not by themselves supportive of a 'disability' finding in the [SSA]." *Id.* at 23.

The ALJ also referenced medical evidence near the AOD/DLI, where state consultants concluded at both the initial and reconsideration levels that the "claimant's medically determinable impairments were 'nonsevere.'" *Id.* The ALJ relied on the DDS finding that "there is insufficient evidence to confirm any severe medically definable impairment." *Id.* at 616, 625. The ALJ accorded the DDS determination significant weight. *Id.* at 26, 616, 625. The ALJ found that after considering Plaintiff's "age, education, work experience, and residual functional capacity," Plaintiff would still be able to perform jobs offered in the national economy and he was not under a disability at any time from the ALD/DLI of December 31, 2008. *Id.* at 28-29.

The ALJ rejected Plaintiff's request for an impartial medical expert because the ALJ found that Plaintiff's conditions were being "controlled with treatment, and/or the record is insufficient to establish severe physical impairments related to the complaints." *Id.* at 20. The ALJ also found that "the examinations nearest the AOD/DLI do not support medically determinable 'severe' physical impairments." *Id.* The ALJ noted that some changes in Plaintiff's impairments occurred after the DLI. *Id.* The ALJ also found that Plaintiff did not have an impairment satisfying the criteria of the Code of Federal Regulations. *Id.* at 22.

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5

The ALJ found Plaintiff not credible, indicating that it is "highly suggestive that the claimant exaggerated his cognitive symptoms, and consequently was not found to be an entirely credible witness." *Id.* at 27. In support of this finding, the ALJ referenced statements regarding Plaintiff's reported symptoms that the ALJ stated were not supported by objective medical explanations in the record. *Id.* The ALJ also referenced "relative[ly] conservative physical treatment prior to the [DLI] that supports a finding of no physical impairments, the reported improvement of the claimant's PTSD with treatment, [Plaintiff's] lack of reported significant adverse side effects from medications, [and] the lack of treatment records/treating doctor reports limiting the claimant's mental activities" to support his credibility finding. *Id.* at 27. The ALJ also stated that he found no objective medical evidence to explain Plaintiff's assertion that he was unable to walk for more than 50 yards. *Id.* at 27. Plaintiff claimed this inability to walk began in February 2013. *Id.* at 287. The ALJ found Plaintiff's subjective complaints to be credible "only to the extent that they are supported by the overall objective documentary medical evidence of record…." *Id.* at 28.

### *Plaintiff's Request for Review of the ALJ's Decision*

On September 26, 2016, the AC denied Plaintiff's request for review of the ALJ's decision. *Id.* at 3. Plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g).

### III. LEGAL STANDARD

**A. Standard for Reviewing the ALJ's Decision**

Pursuant to 42 U.S.C. § 405(g), the district court has the authority to review an ALJ's decision. The scope of a district court's review of an ALJ's denial of disability benefits is limited to determining whether the decision was supported by substantial evidence in the administrative record or whether it was based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Reversal by a district court is only appropriate where the ALJ's decision was not supported by substantial evidence or the decision was based on legal error. *Id.*

"Substantial evidence means more than a scintilla but less than a preponderance." *Id.* This

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

6

standard requires relevant evidence, considering the record in its entirety, that a reasonable person might conclude is adequate to support a conclusion. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The Court must review the record in its entirety, considering evidence that supports and weakens the ALJ's conclusion. *Robbins v. SSA*, 466 F.3d 880, 882 (9th Cir. 2006). The ALJ's determination must be affirmed so long as it is a rational interpretation of the evidence in the record. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Harmless error does not justify a reversal of the ALJ's decision. *Id.*

**B. Standard for Determining Disability**

The Social Security Act (SSA) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The severity of the impairment must be so that the plaintiff is unable to perform previous work and cannot "engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* at § 423(d)(2)(A).

Disability is evaluated using a five-step process. 20 C.F.R. § 404.1520(a)(4). The five steps used to evaluate disability are:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. . . .

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

7

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v). The plaintiff has the initial burden to prove a prima facie case that he is disabled. *Thomas*, 278 F.3d at 955. Even if the impairments described in the regulations do not apply, a plaintiff may make out a prima facie case of disability if, along with the first two steps, the plaintiff proves that he is not able to perform any work that he has performed in the past. *Id.* at 955. If the plaintiff makes out a prima facie case, "the burden shifts to the Commissioner to establish that the claimant can perform a significant number of other jobs in the national economy." *Id.* "If it can be determined that a claimant is disabled or not disabled at any point in the review, that finding is made, and the review is ended." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

## IV. DISCUSSION

### A. The ALJ's Stated Justifications for the Weight Accorded to the VA Determination Are Inadequate.

Plaintiff argues that the ALJ failed to provide adequate justification for according minimal weight to the VA determination that Plaintiff is disabled. Pl.'s Mot. for Summ. J. (PMSJ), Dkt. No. 10 at 5-7. In response, Defendant contends that the ALJ properly considered the VA determination and gave the determination little weight.

An ALJ must consider and ordinarily give great weight to a VA determination of disability. *Chaudhry v. Astrue*, 688 F.3d 661, 669 (9th Cir. 2012). This is so because of the marked similarity between the Social Security Administration and VA disability programs: providing benefits to those unable to work because of a serious disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Furthermore, "[b]oth programs evaluate a claimant's ability

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id*. Both programs also have a detailed regulatory scheme that promotes the consistency in adjudication of claims. *Id*. Both programs are also administered by the federal government and share a common incentive to weed out meritless claims. *Id*. "The VA criteria for evaluating disability are very specific and translate easily into [the] SSA's disability framework." *Id*. The VA and Social Security Administration criteria for determining disability, however, are not identical. *Id*. Therefore, "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, [and] valid reasons for doing so that are supported by the record." *See McCartey*, 298 F.3d at 1076.

Here, the ALJ stated that he accorded the determination no more than minimal weight for the following reasons: the VA's regulations and criteria for disability determinations differ from those described in the SSA; the determination, although it may be useful in referencing Plaintiff's impairments prior to the DLI, is dated after the DLI; the determination is of no authoritative assistance except for possible descriptions of impairments; and the determination "is not supported by objective medical signs and laboratory findings of a 12 continuous month basis." AR at 25, 27. None of these stated justifications are persuasive.

The ALJ stated that the VA's criteria for determining disability differs from that of the SSA. AR at 25. As noted in *McCartey*, although the VA and the SSA may not be identical, both sets of regulations are intended to evaluate a claimant's ability to work continuously, their functional limitations, and require extensive medical records as proof of their claims. That the two regulations are different is not a valid reason, without more, to accord the VA determination minimal weight.

The ALJ also reasoned that he gave the VA determination minimal weight because it was dated after the DLI (AR at 25): the VA determination was issued on July 8, 2009, whereas the DLI is December 31, 2008. *Id.* at 188. This stated justification is also unpersuasive. Although the VA

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

9

determination issued after the DLI, the VA determination was based on a VA examination and VA outpatient clinic records dated August and November 2008, well before the DLI. *Id.* at 188-89.

The ALJ indicated that "the [VA] decision itself is of no authoritative assistance in this case except in so far as it might describe the claimant's impairments prior to the DLI." *Id.* at 25. This stated justification for affording the VA determination minimal weight is also unpersuasive. The Social Security Administration and VA programs have many similarities, which is why the VA decision must ordinarily be afforded great weight. *See McCartey*, 298 F.3d at 1076.

The ALJ stated that the VA determination "is not supported by objective medical signs and laboratory findings of a 12 continuous month basis." AR at 25, 27. This reason is also unpersuasive. The VA determination referenced reports signed by a Clinical Psychologist, Dr. Westwell (Psy. D) and a LCSW, Kathleen Rashid. *Id.* at 813, 817, 822. These reports dated August 2008, indicated a diagnosis of major depression and, "total occupational and social impairments" due to Plaintiff's PTSD signs and symptoms and the opinion that "he would not work [reliably] on a job." *Id.* at 813, 817, 822. The reports also noted that the "prognosis for improvement of psychiatric condition and impairments in functional status is poor due to….chronicity and severity of problem…." *Id.* at 817. The "chronicity" referenced by Dr. Westwell highlights that Plaintiff's PTSD has been ongoing and is reasonably expected to last indefinitely. Dr. Westwell's opinion supports the VA determination of disability and the finding that the impairment can be expected to last continuously for a twelve month basis.

The ALJ indicated that Plaintiff's GAF scores, which had been relied upon by the VA, are merely "snapshots by physicians [that] are not by themselves supportive of a 'disability' finding in the [SSA]." *Id.* at 23. Although the ALJ's stated reason for disregarding the GAF is valid, it is not a persuasive reason to give minimal weight to the entire VA determination because the GAF scores were "not the sole indicator used to evaluate" Plaintiff's disability. *Id*. at 190. In summary, the ALJ's stated justifications for affording the VA disability determination minimal weight are unpersuasive. On remand, the VA determination must be given great weight. *See Chaudhry*, 688

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

10

F.3d at 669.

**B. The ALJ Erred By Giving the DDS Determination "Significant Weight."**

Plaintiff argues that the ALJ erred by affording "significant weight" to the DDS determination that Plaintiff was "not disabled" without providing any justification for affording such weight. PMSJ at 8. Plaintiff further argues that the DDS determination is not entitled to "significant weight" because the DDS consultants did not have access to some of Plaintiff's critical evidence, i.e. Exhibits 11F through 14F. Defendant does not specifically address Plaintiff's arguments, and instead asserts that the ALJ considered the medical record as a whole rather than "simply relying on the State agency physicians." *Id.* at 9; Def.'s Cross-Mot. for Summ. J. (DCMSJ) at 5.

Plaintiff's first argument has merit. The ALJ did not provide any explanation for affording the DDS determination significant weight and instead made a perfunctory reference to Social Security Regulations (SSR) 96-5p and 96-6p. AR at 26. These two Regulations, however, do not direct the ALJ to automatically afford significant weight to a DDS determination. Instead, the Regulations essentially direct administrative law judges and Appeals Council to treat the findings of medical and psychological consultants in the State agencies as "opinion evidence." SSR 96-6p provides that "[a]dministrative law judges and Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." *See* SSR 96-6p, 1996 WL 374180 (July 2, 1996). The ALJ in this case failed to provide the required explanation.

Plaintiff's second argument is also persuasive. The DDS did not have over 300 pages of evidence that was held by the Tampa VA Medical Center. AR at 56, 628-974 (Ex. 11F-14F). These records included the following information relevant to Plaintiff's impairments within the DLI: record of fractured right elbow with development of bursitis following a fall from a roof; nerve conduction studies showing moderate bilateral carpal tunnel syndrome; treatment for "increasingly worse" left hip and left leg pain; chest x-rays showing evidence of COPD and

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

11

emphysema; lumbago; x-rays of the right elbow showing partial healing of a fracture in addition to mild degenerative joint disease; and a physician's note indicating that Plaintiff was precluded from lifting more than 10 pounds repetitively because of back disease, leg and wrist disease. *Id.* at 311. These records also included the following information relevant to Plaintiff's psychiatric impairments prior to the DLI: March 14, 2008 PTSD assessment with depression and a GAF of 45; April 11, 2008 PTSD diagnosis and a GAF of 45 due to depression, even with medication (Zoloft, Buspirone and Atarax); April 21, 2008 doctor's note indicating that the PTSD was the result of moderate to heavy combat exposure in Vietnam[1]; June 4, 2008 note indicating that Plaintiff had severe and chronic PTSD and a GAF of 42 and remained in therapy for PTSD while living in a VA residential program for homeless veterans from March 6, 2008 to June 15, 2009; Dr. Westwell's August 20, 2008 notes indicating that Plaintiff "was unable to perform serial sevens, was rambling, circumstantial, and experienced nightmares, obsessive lock and security checking, panic attacks, homicidal thoughts, impaired concentration and was unable to maintain personal hygiene." *Id.* at 311-312. Because the DDS did not have the benefit of these records, it was error for the ALJ to assign significant weight to the DDS determination without providing an explanation for doing so. On remand, the ALJ must explain why the DDS determination is entitled to "significant weight."

**C. The ALJ Considered Non-Severe Impairments.**

Plaintiff contends that the ALJ did not consider medical records with objective findings of moderate carpal tunnel (AR at 779), degenerative joint disease in the lumbar spine (AR at 787), and a bone spur (AR at 860). Pl.'s Reply Mot. for Summ. J. (PRMSJ) at 3.

Pursuant to 20 C.F.R. § 404.1520(a)(2) and SSR 96-8p, all of a claimant's medically determinable impairments, even those which are not "severe," shall be considered when evaluating the RFC. "Even though a non-severe impairment [ ] standing alone may not significantly limit an

---

[1] Plaintiff served as a rifle man and mortar man before being elevated to "sniper." AR 311. Plaintiff was awarded the Vietnam Service medal, Vietnam Cross of Gallantry, Vietnam Campaign Medal and the National Defense Service medal. *Id*.

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

12

individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim." *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the record indicates that the ALJ reviewed images of Plaintiff's spine and was aware of Plaintiff's surgery for carpal tunnel syndrome. AR at 20. It is unclear, however, whether the ALJ considered AR 779, 787 and 860 because the medical records are not specifically identified in the ALJ's decision. On remand, the ALJ should clarify whether the records within AR 779, 787 and 860 were considered.

### D. The ALJ Did Not Err By Declining To Obtain A Medical Expert.

Plaintiff argues that the ALJ "played doctor" by evaluating medical evidence without the assistance of a medical expert. PMSJ at 10. The Code of Federal Regulations, however, does not require hiring a medical expert. Instead, the Regulations provide that if the Social Security Administration cannot get the information it needs from the applicant's medical sources, the Administration "may ask [the applicant] to have one or more physical or mental examinations or tests." 20 C.F.R. § 416.917; *see also* §§ 416.919(a) (Administration may decide to "purchase a consultative examination" from a treating or other medical source), 404.1517 (Administration "may ask you to have one or more physical or mental examinations or tests"); *see also* § 404.1512 (Administration may hire consultative examinations if evidence from claimant's own medical sources are not produced). The ALJ did not err in failing to obtain additional medical expert testimony.

### E. The ALJ's Credibility Determination is Not Supported by Clear and Convincing Reasons.

The ALJ found Plaintiff not credible. Plaintiff argues that the ALJ's credibility determination is not supported by clear and convincing reasons. PRMSJ at 5. Defendant contends that the ALJ supported his credibility determination with legally valid reasons. DCMSJ. at 7.

The ALJ is responsible for determining a plaintiff's credibility. *Andrews v. Shalala*, 53

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

13

F.3d 1035, 1039 (9th Cir. 1995). The ALJ's finding that a plaintiff is not credible must be supported by clear and convincing reasons. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The ALJ must identify the testimony that he considers not credible and explain what evidence contradicts the plaintiff's complaints. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1103 (9th Cir. 2014). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.* The reasoning must "make clear to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Brown-Hunter*, *806* F.3d at 493. An ALJ may discount testimony from other sources if they "give reasons germane to each witness for doing so." *Ghanim v. Colvin,* 763 F.3d 1154, 1160, 1158 (9th Cir. 2014). Although they are not entitled to weight, non-medical sources may help disability evaluators understand a plaintiff's impairments and their ability to work. 20 C.F.R. § 416.913(a)(4).

Here, the ALJ stated that Plaintiff "lacked credibility." AR at 27. The ALJ reasoned as follows:

> The above residual functional capacity assessment is supported by the record, when considered as a whole, and especially in light of the lack of disabling physical impairments prior to the date last insured, the paucity of clinical deficit noted upon physical examinations and diagnostic studies, the relative[ly] conservative physical treatment prior to the date last insured that supports a finding of no physical impairments, his lack of reported significant adverse side effects from medications, the lack of treatment records/treating doctor reports limiting [Plaintiff's] mental activities both prior to and after the date last insured, the multiple mental status evaluations that revealed no disabling mental impairments and an ability to perform at least simple repetitive tasks, and [Plaintiff's] own description and reporting of his daily activities and relatively normal social functioning. Based on the above and other issues noted in this decision, the claimant lacked credibility and it is therefore highly suggestive that the claimant exaggerated his cognitive symptoms, and consequently was not found to be an entirely credible witness. For example, the claimant has alleged being unable to walk for more than 50 yards. (Ex. 12E, p. 1) and that he falls a lot because his legs "give out" yet the record provides no objective medical explanation for these reported symptoms. The claimant alleges, " I don't have any friends," yet the record shows

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

evidence of a "good friend" (Ex. 8E).

AR at 27. Several of the ALJ's stated reasons, particularly with regard to the lack of medical treatment evidence, do not meet the clear and convincing standard because the VA records documenting the extent of Plaintiff's PTSD are entitled to great weight for the reasons stated in Subsection "A" to this Order. Among the VA records is Dr. Westwell's opinion that Plaintiff has "total occupational and social impairments" due to PTSD signs and symptoms. AR at 813, 817.

The remaining stated reasons also do not meet the clear and convincing standard. Plaintiff's noted improvement and his lack of adverse side effects from medications are not necessarily inconsistent with Plaintiff's assertion that he is disabled due to PTSD and other impairments.

The ALJ stated that there is no objective medical explanation to support Plaintiff's claim that he cannot walk more than 50 yards. AR at 27. There is, however, evidence in the record that tends to corroborate Plaintiff's testimony regarding his inability to walk. In September 2008, Plaintiff was seen by a RN "due to pain in left hip and leg that is becoming increasingly worse." *Id.* at 793. This evidence is in Ex. 13F, which was not available to the DDS and is also not listed as part of the record reviewed by the ALJ.

The ALJ also found Plaintiff not credible because of his daily activities and relatively normal social functioning. There is, however, no explanation for why Plaintiff's stated daily activities and having one good friend, undermine Plaintiff's claim of PTSD and other disabling impairments. "One does not need to be 'utterly incapacitated' in order to be disabled." *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005); *see also Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (claimants are not required to be utterly incapacitated to be eligible for benefits and many home activities may not be easily transferable to a work environment).

## V. CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is DENIED and Plaintiff's motion for summary judgment is GRANTED. The Commissioner's final decision is

VACATED and the case is REMANDED for further administrative proceedings consistent with this order. On remand, the ALJ (1) must give the VA determination great weight; (2) provide an explanation for the weight given to the DDS determination; (3) consider AR 779, AR 787 and 860; and (4) re-evaluate Plaintiff's credibility, and if appropriate, set forth clear and convincing reasons, if they exist, to justify credibility determination.

Judgment will be entered in favor of Plaintiff and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 27, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 16-cv-07074-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

16